UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

    THE COOKIE FACTORY, LLC,

           Debtor

AFFIDAVIT IN SUPPORT OF MOTION FOR AN ORDER TO IMMEDIATELY CLOSE BUSINESS AND CEASE OPERATING

Case No. 24-11002

Marc S. Ehrlich, Esq., being duly sworn deposes and says:

1. I am the Chapter 7 Trustee in the above-referenced case. I am making this Affidavit in support of my Motion as Trustee for an Order to immediately close the business of The Cookie Factory, LLC and to cease operating.

2. On September 10, 2024, The Cookie Factory, LLC filed a Chapter 7 petition. At the time of the filing, The Cookie Factory, LLC was operating a commercial and retail bakery business out of two locations: 41-61 River Street, Troy, New York and 520 Congress Street, Troy, New York.

3. The section 341 examination has been scheduled for October 8, 2024.

## BACKGROUND

4. On September 27, 2024, I drove to The Cookie Factory, LLC's location at 520 Congress Street, Troy, New York. The business was still operating. I observed five (5) employees working at the location. The retail space at the front the store was open for business.

5. I purchased a box of Fall Frosted Sugar Cookies for the sum of Five Dollars and Ninety Nine Cents ($5.99). The receipt issued to me was issued by The Cookie Factory-Tro (presumably

TRO is shorthand for Troy) and referenced a website of cookiefactroyllc.com. A copy of the receipt is attached to this Affidavit.

6. From the date of filing of the petition through the date of the drafting of this Motion, The Trustee has not filed a Motion seeking authorization to operate this business, pursuant to 11 U.S.C. Section 721.

7. I have granted to no person or no entity the authority in this case to operate a business.

8. The Cookie Factory, LLC remains in ownership of its business and its business assets not otherwise transferred pre-petition. This includes its name, recipes, commercial contacts, inventory, logos, and bank accounts., as well as its secured and unsecured equipment.

9. The business needs to be shut down immediately.

### THE COOKIE FACTORY, LLC VOLUNTARILY ELECTED TO FILE A CHAPTER 7 PETITION

10. When a corporation (or an LLC) files for bankruptcy, the entity has to make an election as to which Chapter 7 of the Bankruptcy Code under which it seeks relief.

11. Chapter 7 is the chapter used by a corporation to have its unsecured assets, if any, liquidated by the Trustee for the benefit of its creditors, with a monetary distribution to be made at the conclusion of the case to the creditors by the Trustee. The overwhelming majority of Chapter 7 cases filed by corporations result in no assets being distributed by the Trustee.

12. Chapter 7 does not give a corporate debtor, or in this case and LLC, the power to continue to operate its business.

13. Chapter 11 is the chapter used by a corporation to continue in business and reorganize its financial affairs. Chapter 11 cases are divided into conventional chapter 11 cases and small business election cases pursuant to Subdivision V. Under both Chapter 11 systems, The

Cookie Factory, LLC could still operate its business.

14. If The Cookie Factory, LLC seeks to continue in business, it can move to convert to Chapter 11.

## THE ASSET TRANSFER BY THE COOKIE FACTORY DID NOT TRANSFER OWNERSHIP OF THE BUSINESS FROM DEBTOR TO ANY OTHER PARTY

15. The Asset Transfer Agreement as between The Cookie Factory, LLC and the entity's principals did not transfer all of the assets of The Cookie Factory, LLC. The Cookie Factory, LLC remains in ownership of its business and its business assets not otherwise transferred pre-petition. This includes its name, recipes, commercial contacts, inventory, logos, and bank accounts., as well as its secured and unsecured equipment.

16. On May 16, 2023, the owners of The Cookie Factory, LLC, Joseph A. Alberino III and Christopher M. Alberino transferred to themselves certain personal property assets of The Cookie Factory, LLC. The consideration for the transfer was money previously loaned by the two principals to The Cookie Factory, LLC which had not been repaid by the entity.

17. The assets transferred consisted of a limited list of commercial banking equipment and supplies. The right to operate the business or use the name Cookie Factory was not transferred.

18. The Transfer Agreement describes the two principals of The Cookie Factory, LLC as members of the LLC. A copy of the Transfer Agreement is attached to this Affidavit.

19. The Transfer Agreement transferred the ownership of forty one (41) line items of bakery items.

20. The asset transfer did not transfer the ownership of the underlying business of The Cookie Factory, LLC, including not transferring its name, recipes, commercial contacts, inventory,

logos, and bank accounts.

21. To further complicate matters, on page 75 of The Cookie Factory, LLC's bankruptcy petition, at Statement of Financial Affairs #13, the petition claims that the items were then transferred by the principals to Three Partners Pastry, LLC. A copy of Page 75 of The Cookie Factory, LLC's bankruptcy petition is attached to this Affidavit.

22. The Trustee has been supplied with no documents whatsoever substantiating that any transfer from the principals to Three Partners Pastry, LLC has in fact ever occurred.[1]

23. The Cookie Factory, LLC continues to hold itself out to the public as operating and being in control of its business.

24. On August 29, 2023, on its Facebook Page, The Cookie Factory, LLC posted the following:

> "It's come to our attention a rumor is going around that The Cookie Factory has sold. It has NOT. Chris and Joe Alberino are still the proud owners of their bakery. Stop in and try some of the delicious cookies and pastries they have been doing for years from their grandfathers recipes. Thank you and see you soon."

25. I printed this posting off of Facebook on September 12, 2024. A copy of the Facebook posting of August 29, 2023 is attached to this Affidavit.

## RELIEF SOUGHT

---

[1]. The Trustee is investigating whether the initial transfer from The Cookie Factory, LLC made on account of pre-existing pre-petition debts of the entity to its principals was a Fraudulent Conveyance, avoidable by a Trustee, pursuant to 11 U.S.C. Section 548. The Trustee is aware of a Judgment entered against The Cookie Factory, LLC prior to the May 16, 2023 Transfer Date by Light Energy Fund I, LLC in the amount of $196,773.20. If a subsequent transfer from the principals to Three Pastry Pastries, LLC was consummated, the Trustee will likewise investigate that transfer.

25. I am seeking the entry of an Order to immediately close the business of The Cookie Factory, LLC and to cease operating.

_____
Marc S. Ehrlich, Esq.

Sworn to before me the 30th day of September, 2024

_____
Notary Public
My Commission Expires

NANCY TERNENT
Notary Public, State of New York
No. 4668182
Qualified in Albany County
Commission Expires 12/31/26