Marc Ehrlich, Chapter 7 Trustee
Ehrlich Law Firm
64 Second Street
Troy, NY 12180
Telephone: 518-272-2110

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK          x

In re:                                                                  Chapter 7

THE COOKIE FACTORY, LLC,                                Case No. 24-11002

           Debtor.
-------------------------------------x

## APPLICATION APPROVING THE RETENTION OF LIPPES MATHIAS, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE

The application ("Application") of Marc Ehrlich, solely in his capacity as the Chapter 7 Trustee ("Trustee"), of the bankruptcy estate of The Cookie Factory, LLC ("Debtor"), seeking the entry of an Order approving the retention of Lippes Mathias, LLP ("LM") as his counsel effective as of the commencement of services date, February 11, 2025 ("Retention Date"), respectfully represents and alleges:

### PROCEDURAL BACKGROUND

1. On September 10, 2024 ("Filing Date"), the Debtor, through counsel, filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of New York ("Court").

2. Marc Ehrlich was appointed as the Trustee of the Debtor's estate and is currently acting in that capacity.

3. The Debtor's adjourned meeting of creditors, pursuant to Bankruptcy Code section 341, is scheduled for February 11, 2025.

4. Prior to the Retention Date, the Trustee requested that LM represent him as his counsel in this case and, at the Trustee's request, LM began providing preliminary legal services to the Trustee.

## FACTUAL BACKGROUND

5. The Trustee has determined that it is necessary to employ counsel on his behalf in this proceeding in order to assist him with, *inter alia*, his analysis of the Debtor's finances and potential recovery of fraudulent transfers and preferences, as well as to marshal and liquidate any other assets for the benefit of the estate and investigate potential claims of the estate.

6. Accordingly, the Trustee will require the assistance of counsel with the administration of the Debtor's estate. Subject to further Order of this Court and without limitation, LM will render the following services to the Trustee and the estate:

   i. Perform legal work related to the marshaling and liquidation of the Debtor's assets;

   ii. Assist and advise the Trustee on motions and hearings before the Bankruptcy Court;

   iii. Assist with the investigation into the Debtor's financial affairs and potential claims for the benefit of the estate;

   iv. Assist the Trustee in the pursuit and recovery of any voidable transfers of the Debtor's assets under, inter alia, Bankruptcy Code sections 544, 546, 547, 548 and 550, and the New York State Debtor Creditor law;

   v. Review and analyze all motions filed with the Bankruptcy Court by third parties in this case;

  vi. Perform other legal services which may be necessary to protect the interests of the estate.

7. The Trustee seeks to employ LM on an hourly basis. As set forth in the Declaration, LM's current hourly rates are as follows: (a) up to one hundred and seventy-five dollars ($175.00) for paraprofessionals; (b) up to three hundred and twenty-five dollars ($325.00) for associates; and (c) up to seven hundred and fifteen dollars ($715.00) for partners. Leigh Hoffman will be primarily responsible for services on this matter and her rate is four hundred and fifty ($450.00) dollars.

8. As further set forth in the Declaration, LM will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Northern District of New York, and Orders of the Court.

9. As set forth in the Declaration of Leigh A. Hoffman, Esq. annexed hereto, LM has no connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

10. To the best of the Trustee's knowledge, LM does not hold or represent an interest adverse to the Debtor's bankruptcy estate.

11. To the best of the Trustee's knowledge, LM is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that LM: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's bankruptcy estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection

with, or interest in the Debtor, or for any other reason.

12. It is anticipated that LM will begin to render professional services to the Trustee prior to the Retention Date. LM represents or has represented Marc Ehrlich in other matters unrelated to this case.

13. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests entry of the order authorizing the retention of LM as counsel to the Trustee effective as of the Retention Date.

Dated: February 11, 2025
Troy, New York

By: /s/ Marc S. Ehrlich
Marc S. Ehrlich, Esq.
Chapter 7 Trustee,
The Cookie Factory, LLC