Lippes Mathias, LLP
54 State Street Suite 1001
Albany, New York 12207
Telephone: 518-462-0110
Leigh A Hoffman, Esq.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK          x

In re:                                                                  Chapter 7

THE COOKIE FACTORY, LLC,                           Case No. 24-11002

                    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

### DECLARATION IN SUPPORT OF APPLICATION APPROVING THE RETENTION OF LIPPES MATHIAS, LLP <u>AS COUNSEL FOR THE TRUSTEE</u>

LEIGH A. HOFFMAN, ESQ., declares as follows pursuant to 28 U.S.C. § 1746:

1.      I am a partner of the law firm of Lippes Mathias, LLP ("<u>LM</u>"), which maintains its offices at 54 State Street, Albany, New York 12207. I am duly admitted to practice law before this Court and the courts of the State of New York.

2.      I submit this declaration in support of the application ("<u>Application</u>")[1] of Marc Ehrlich, solely in his capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of the bankruptcy estate of The Cookie Factory, LLC ("<u>Debtor</u>"), seeking entry of an Order approving the retention of LM as his counsel effective as of the Retention Date of February 11, 2025.

3.      The Trustee has determined that the interests of the Debtor's bankruptcy estate and its creditors would be best served by the retention of LM, pursuant to Bankruptcy Code section 327(a), to assist the Trustee, as necessary, in the execution of the Trustee's statutory

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in the Application.

duties.

4. The Trustee has determined that it is necessary to employ counsel on his behalf in this proceeding in order to assist him with, *inter alia*, his analysis of the Debtor's finances and the potential recovery of fraudulent transfers and preferences made, as well as to marshal and liquidate any other assets for the benefit of the estate and investigate potential claims of the estate.

5. In pursuit of these claims and in accordance with his duties, if necessary, the Trustee will draft and file the appropriate motions, Bankruptcy Rule 2004 applications, the issuance of subpoenas, and if necessary, the conducting of depositions by counsel. The Trustee will also need counsel to investigate if the Debtor conveyed assets to third parties which may be recovered by the Debtor's estate.

6. The facts set forth herein are based upon personal knowledge and my review of information on the docket in this case. To the extent any information disclosed herein requires the subsequent amendment or modification of this declaration upon LM's completion of further review and analysis or as additional party-in-interest information becomes available to it, a supplemental declaration disclosing such information will be filed with the Bankruptcy Court reflecting such amended or modified information.

7. LM possesses the requisite experience and expertise to advise the Trustee as his counsel in this case. LM has extensive experience representing chapter 7 trustees and is well versed in the chapter 7 process. LM submits that its retention is essential to the Trustee's effective and efficient administration of the Debtor's bankruptcy estate. The Trustee has not yet noticed this case as an Asset Case. Nonetheless, at the Trustee's direction, LM began providing preliminary legal services to the Trustee prior to the Retention Date in order to confirm that retention of LM was in the estate's best interest.

8.  In preparing this declaration, I used a set of procedures developed by LM to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a trustee under the Bankruptcy Code. I, along with partners, conducted a search of LM's client database to determine whether LM had any relationships with the Debtor. We reviewed, among other things, the list of the Debtor's creditors, the docket sheet in this case and all appearances in this case. My review has indicated that LM does not represent, and has not previously represented, the Debtor in matters related or unrelated to this case. I do not believe that LM holds or represents an interest adverse to the Debtor or its estate.

9.  Prior to the Retention Date, LM will have likely begun to render professional services to the Trustee in this case. LM represents or has represented Marc Ehrlich in other matters unrelated to this case.

10. To the best of my knowledge, LM does not hold nor represents an interest adverse to the Debtor, or the Debtor's bankruptcy estate.

11. To the best of my knowledge, after due inquiry, neither I, LM, nor any partner, counsel or associate of LM represents any entity or party in interest other than the Trustee in connection with this case.

12. To the best of my knowledge, LM does not, by reason of any direct or indirect relationship to or connection with the Debtor, or other parties in interest, hold or represent any interest adverse to the Debtor or to the Debtor's bankruptcy estate.

13. To the best of my knowledge, LM is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), in that LM: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an

interest materially adverse to the interests of the Debtor's bankruptcy estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

14. To the best of my knowledge, LM is not connected with the Debtor's creditors, other parties in interest, the United States Trustee or any person employed by the office of the United States Trustee.

15. Based upon the foregoing, LM does not believe that it is conflicted from representing the Trustee in this case. LM regularly updates its client database and does not open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties.

16. LM will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Northern District of New York, the Local Bankruptcy Rules for the Northern District of New York and Orders of the Court.

17. LM's current hourly rates are as follows: (a) up to one hundred and seventy-five dollars ($175.00) for paraprofessionals; (b) up to three hundred and twenty-five dollars ($325.00) for associates; and (c) up to seven hundred and fifteen dollars ($715.00) for partners. I will be primarily responsible for services on this matter and my rate is four hundred and fifty ($450.00) dollars.

18. Neither I, nor LM, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules

and the Local Bankruptcy Rules for the Northern District of New York.

19.    LM has not agreed, nor will it agree, to share compensation received in connection with this case with any other person, except as permitted by the Bankruptcy Code section 504(b) and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LM.

Executed under penalty of perjury this 11th day of February 2025.

*s/ Leigh A. Hoffman, Esq.*
Leigh A. Hoffman, Esq.
